UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL KUZMA,

                           Plaintiff,                **DECISION AND ORDER**

            -vs-                                        13-CV-675S

U.S. DEPARTMENT OF JUSTICE,

                           Defendant.

---

      1.    This action was automatically referred to mediation pursuant to the Court's Alternative Dispute Resolution ("ADR") Plan on June 26, 2013.  (Docket No. 3.)  By Joint Notice of Motion and Motion to Opt Out of Alternative Dispute Resolution, filed January 24, 2014, both parties seek relief from being required to participate in mediation under the ADR program.  (Docket No. 20.)  For the following reasons, the motion is granted.

      2.    Section 2.2(C) of the ADR Plan for the Western District of New York requires that a party seeking relief from mediation show good cause for the request by stating the reasons why mediation has no reasonable chance of being productive.

      3.    This action involves Plaintiff's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for United States government records pertaining to the alleged disappearance of a Ray Robinson in 1973 during an "American Indian Movement" demonstration at Wounded Knee, a village in South Dakota.  The moving papers assert that the records in question "are maintained by the Federal Bureau of Investigation (FBI), a component of the United States Department of Justice."  (Docket No. 20, p. 2.)  The Plaintiff further asserts that there has been "non-disclosure of investigative documents,"

suggesting that the FBI has failed or refused to provide some or all of the records sought. *Id.* at 3.  The case challenges that "non-disclosure."

4. The parties maintain that there is little benefit to mediation because little or no discovery will be conducted and they "will soon present their legal issues to the Court by motion . . . ." *Id.*  More fundamentally, they note that the district's ADR Plan explicitly exempts cases implicating issues of public policy, exclusively or predominantly, from automatic referral to ADR.  *See* § 2.1(A)(5).

5. Consistent with my Decision and Order in *Kuzma v. U.S. Department of Justice*, 12-CV-807 (Docket No. 14), the Court finds that, in the ordinary course, cases involving FOIA demands for government agency records which either contain or may contain sensitive investigative material, and which may be entitled to protection from or limitations on disclosure and production, are matters of public policy of the type intended to be exempt from automatic referral to the ADR program.  Therefore, this case should not have been so referred and, *nunc pro tunc*, the automatic referral of June 26, 2013, is vacated.

6. Accordingly, the joint motion to opt out of ADR (Docket No. 20) is GRANTED and the ADR-related deadlines set forth in the scheduling order (Docket No. 19) are VACATED.  All other deadlines remain.

SO ORDERED.

s/William M. Skretny<br>
WILLIAM M. SKRETNY<br>
Chief Judge<br>
United States District Court

Dated: February 4, 2014
       Buffalo, New York